

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 21, 1993

Mr. Burton F. Raiford
Interim Commissioner
Texas Department of Human Services
P. O. Box 149030
Austin, Texas 78714-9030

Opinion No. DM-238

Re: Whether chapter 106 of the Human Resources Code requires a facility that submits the name of an employee for a criminal conviction check to terminate the employee if the check reveals convictions of certain offenses (RQ-211)

Dear Commissioner Raiford:

Chapter 106 of the Human Resources Code requires the Department of Human Services (the "department") to obtain criminal conviction checks of applicants for employment and existing employees for facilities serving the elderly or disabled licensed by the department and the Department of Health. You have asked whether a facility that voluntarily submits the name of an employee, who is licensed pursuant to other law, to the department for a criminal conviction check is required to terminate the employee if convictions for certain offenses are discovered.

Your request requires us to examine the statutory framework for criminal conviction checks set forth in chapter 106 of the Human Resources Code.[1] Subsection (a) of section 106.004 of chapter 106 provides that a facility may not make an offer of permanent employment to a person covered by the chapter[2] unless the facility provides the department with information for a criminal conviction check. Hum. Res. Code § 106.004(a). Subsection (b) of that section provides that a facility "may make an offer of permanent employment to a person licensed under other law, including a nursing home

---

[1] We note that a state district judge has ruled that provisions of chapter 106 of the Human Resources Code violate the Texas Constitution on the basis that they fail to give terminated employees notice of the reasons for their termination or an opportunity to be heard. *Guthrie v. Texas Dep't of Human Servs.*, No. 91-5668 (Dist. Ct. of Travis County, 345th Judicial Dist. of Texas, Jan. 24, 1992), *aff'd*, No. 3-92-335-CV (Tex. App.--Austin, March 17, 1993, n.w.h.) (affirming the district court on procedural grounds and expressing no opinion on the constitutionality of the statutes at issue). To our knowledge, the legislature has not amended this chapter since it was declared unconstitutional, despite the district court's urging. *See id.* You ask about the application of chapter 106 to a particular class of employees; your request does not require this office to consider its constitutionality. In this opinion, we merely answer your questions regarding statutory construction of chapter 106. We do not consider its constitutionality.

[2] Section 106.001 defines "facility" for purposes of chapter 106. Section 106.002 delineates the applicability of the chapter to various facility employees.

administrator or a nurse, without following the procedures under this chapter for a criminal conviction check." *Id.* § 106.004(b). Although subsection (b) exempts facilities from submitting the names of prospective employees "licensed under other law" to the department, subsection (d) requires the department to obtain a criminal conviction check for such persons employed at a facility upon the facility's request. *See id.* § 106.004(d).

In addition, section 106.008(a) provides that a facility may not hire a person or shall immediately terminate a person's employment if the results of the check reveal that the person has been convicted of an offense listed under section 106.003(b). The offenses listed under section 106.003(b) include a misdemeanor or felony classified as an offense against the person or family, a misdemeanor or felony classified as public indecency, a controlled substance felony, a felony in violation of section 31.03 of the Penal Code, robbery or aggravated robbery under chapter 29 of the Penal Code, or burglary under section 30.02 of the Penal Code. *Id.* § 106.003(b); *see also* Attorney General Opinion JM-1237 (1990) (addressing the scope of criminal conviction checks under chapter 106 of the Human Resources Code).[3]

You inform us that a facility voluntarily requested the department to obtain a criminal conviction check of an existing employee, a licensed vocational nurse, pursuant to section 106.004(d). The check revealed a history of convictions of offenses listed under section 106.003(b). After the facility was notified of the results of the check, it asked the department if it is required to discharge the employee given that it was exempted from seeking the criminal conviction check in the first place pursuant to section 106.004(b). You further inform us that there has been no revocation proceeding against the vocational nurse by the licensing agency. In light of this situation, you ask whether a facility that voluntarily submits the name of an employee who is "licensed under other law," as it is permitted to do pursuant to section 106.004(d), is required to terminate the employee if the criminal conviction check reveals a conviction of an offense listed under section 106.003(b).

Chapter 106 appears to require a facility that voluntarily submits the name of an employee "licensed under other law" for a criminal conviction check pursuant to section 106.004(d) to terminate the employee if the check reveals a conviction of an offense listed under section 106.003(b). Section 106.008(a) provides in pertinent part:

> [A] facility may not hire a person covered by this chapter or shall immediately terminate a person's employment if the results of the criminal conviction check reveal that the person has been convicted of an offense listed under Section 106.003(b) of this code.

---

[3]Subsections (b) and (c) of section 106.008 provide that a facility may employ or continue to employ a person convicted of a controlled substance offense or a person convicted under section 31.03 of the Penal Code under certain conditions.

Clearly, the prohibition against hiring "a person covered by this chapter" refers to job applicants for whom facilities are required to obtain criminal conviction checks pursuant to section 106.004(a) before offering permanent employment. We also believe that this phrase refers to applicants who may have been offered temporary employment pending the outcome of a criminal conviction check under section 106.005.[4] The requirement that a facility "immediately terminate a person's employment," on the other hand, appears to refer to persons "licensed under other law" employed by facilities for whom facilities may obtain criminal background checks pursuant to section 106.004(d). We note, however, that this requirement could also be read to refer solely to persons who may have been temporarily employed pending the outcome of a criminal conviction check under section 106.005. Because the requirement that a facility "immediately terminate a person's employment" is ambiguous, we turn to the legislative history for guidance.

The legislative history supports the conclusion that section 106.008(a) of the Human Resources Code requires a facility that voluntarily obtains a criminal conviction check of an employee "licensed under other law" to terminate the employee in the event the check reveals a conviction of a listed offense. The legislation enacting chapter 106 of the Human Resources Code also repealed former article 4442c, section 18, V.T.C.S., an almost identical statutory provision. *See* Acts 1989, 71st Leg., ch. 1181, §§ 1, 2 (eff. Sept. 1, 1989); Acts 1989, 71st Leg., ch. 1225, §§ 1, 4 (eff. Sept. 1, 1989). Chapter 106 of the Human Resources Code changed the requirements of section 18 of former article 4442c only in very limited respects.

Specifically, chapter 106 added a more detailed definition of the facilities covered by the chapter, Hum. Res. Code § 106.001, and clarified that the criminal conviction check requirements apply to persons applying for employment with a home health agency only if the person will be employed in a position which involves direct contact with a consumer of home health services, *id.* § 106.002(b). It also added robbery, aggravated robbery, and burglary to the list of offenses a conviction for which would require a facility to refuse to hire or to discharge a person, *id.* § 106.003(b)(5), (6), and provided that a facility may employ or continue to employ a person convicted under section 31.03 of the Penal Code under certain conditions, *id.* § 106.008(c). Finally, it addressed the applicability of the criminal conviction check provisions to a federally-required nurse aide registry program. *Id.* § 106.012. None of the changes affected the provisions mandating *that facilities obtain criminal conviction checks for certain prospective, unlicensed employees, permitting facilities to obtain criminal conviction checks for employees "licensed under other law," or mandating that facilities not hire prospective employees or terminate existing employees if the criminal conviction check reveals a conviction of a listed offense.* Nor does anything in the legislative history indicate that the legislature intended to alter these substantive provisions of former section 18, article 4442c.

Section 18(g) of former article 4442c, V.T.C.S., provided as follows:

> [I]f the results of a criminal conviction check reveal that an applicant for employment at a nursing home or custodial care home has been convicted of an offense listed in Subsection (d) of this section, the institution may not hire the person. . . . [I]f the results of a criminal conviction check reveal that *an employee or a person hired on a temporary basis* under Subsection (c) of this section has been convicted of an offense listed in Subsection (d) of this section, the institution shall immediately terminate the person's employment.

Acts 1987, 70th Leg., ch. 1048, § 1, at 3516 (emphasis added). Clearly, under section 18(g) of former article 4442c, the department's discovery of a history of certain criminal convictions prohibited a facility from hiring a person and required a facility to terminate both persons hired on a temporary basis pending a criminal conviction check *and* employees "licensed under other law" for whom criminal conviction checks were available but not required. Because nothing in the text or legislative history of the current provision indicates that the legislature intended to change this very significant aspect of the law when it repealed section 18 of former article 4442c, V.T.C.S., and enacted chapter 106 of the Human Resources Code, we conclude that section 106.008(a) requires a facility that voluntarily obtains a criminal conviction check of an employee "licensed under other law" to terminate the employee in the event the check reveals a conviction of an offense listed under section 106.003(b).[5]

## SUMMARY

Pursuant to section 106.008(a) of the Human Resources Code, a facility that voluntarily obtains a criminal conviction check of an employee "licensed under other law" is required to terminate the employee in the event the check reveals a conviction of an offense listed under section 106.003(b).

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[5]Of course, under section 106.008, a facility may continue to employ a person convicted of a controlled substance offense or a person convicted under section 31.03 of the Penal Code under certain conditions. *See* Hum. Res. Code § 106.008(b), (c).

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General